Battle, J.
 

 The defendant does not deny that the article, for the conversion of which suit was brought, belonged to the plaintiffs, but his counsel contends that a return, or offer to return, the article which they had taken upon a temporary exchange with him, is in the nature of a condition precedent to their right of recovery. No authority is cited for this position, and we are not aware of any adjudicated case, or principle, upon which it can be sustained. The transaction between the parties, or rather between those to whose rights they succeeded, created a mutual bailment which each had a right to put an end to by making a demand of the thing bailed. If the article in the possession of one of the parties had been lost or destroyed, without any default of the bailee, it certainly would not have j ustified the other party in detaining the thing exchanged, because the former could not return, or offer to return, his chattel. The doctrine contended for by the defendant would be extending the principle of lien beyond any former precedent, and further than there is any necessity for its existence. 'What might have been the result had the plaintiffs claimed the defendant’s property, or had even refused to deliver it on demand, it is unnecessary to decide, for they had never done either. So far as appears, the defendant could, at any time, have regained the possession of his refrigerator, and his neglect to do so, gave him no right to refuse on demand to deliver up that of the plaintiffs.
 

 Pee CueiaM. Judgment affirmed.